UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT LANGFORD,

        Petitioner,

v.    Case No. 1:12-CV-311

PAUL KLEE,    HON. GORDON J. QUIST

        Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, Robert Langford, has filed Objections to Magistrate Judge Hugh Brenneman's March 23, 2015 Report and Recommendation (R & R) (dkt. # 53), in which the magistrate judge recommends that the Court deny the habeas corpus petition. Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, the Court will adopt the R & R and overrule Petitioner's Objections.

Petitioner appears to object to the magistrate judge's description of the evidence, which merely summarized the witness testimony and other evidence presented at trial. While Petitioner may not agree with the substance of that evidence, that is not a proper objection for this Court. Accordingly, Petitioner's objection is overruled.

Petitioner argues that his due process rights were violated by the trial court's failure to provide a jury instruction on non-deadly force. As the Michigan Court of Appeals explained,

Petitioner waived such claim by failing to object to the jury instructions at trial. Thus, the state court analyzed Petitioner's claim for plain error and determined that that the trial court's failure to give the instruction did not affect Petitioner's substantial rights. That conclusion was not contrary to, nor did it involve an unreasonable application of, clearly established federal law. *See Horton v. Warden, Trumbull Corr. Inst.*, 498 F. App'x 515, 523-24 (6th Cir. 2012) (concluding that the state court did not unreasonably apply federal law in concluding that the petitioner's due process rights were not violated by the failure to provide a self-defense instruction); *Grimes v. Wells*, No. 91-1532, 1991 WL 270830, at *3 (6th Cir. Dec. 17, 1991) (per curiam) (concluding that "the trial judge's failure to *sua sponte* instruct the jury as to a possible defense did not prejudice petitioner's due process rights"). Moreover, Petitioner's claim was procedurally defaulted because he failed to object to the instruction at trial, and the Michigan Court of Appeals enforced the contemporaneous objection rule by reviewing only for plain error.[1] *See Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011) (finding that the petitioner procedurally defaulted his claim related to a jury instruction because his attorney did not object at trial and the state court conducted only a plain error review); *Lancaster v. Adams*, 324 F.3d 423, 437 (6th Cir. 2003) (same). Accordingly, this objection is overruled.

Petitioner argues that there was insufficient evidence for the jury to convict him of carrying a weapon with unlawful intent, arguing that he purchased the box cutter intending to use it for a job. The Michigan Court of Appeals rejected that argument, explaining that it was irrelevant that Petitioner may have intended to use the box cutter in a lawful matter when he obtained it. The state court thus concluded that there was sufficient evidence for the jury to find that Petitioner had the

---

[1] To the extent that Petitioner claims that ineffective assistance of counsel caused him to procedurally default his claim, this argument fails. In order to qualify as cause for a procedural default, a petitioner must demonstrate an independent claim for ineffective assistance of counsel. *See Goodwin*, 632 F.3d at 316. Because Petitioner cannot demonstrate that he was prejudiced by counsel's performance, however, he cannot make out a claim for ineffective assistance of counsel.

requisite intent.  The state court's interpretation of state law is binding on this Court.  *See Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S. Ct. 602, 604 (2005).  Moreover, the state court's conclusion that there was sufficient evidence for a jury to conclude that Petitioner intended to use the box cutter as a weapon was entirely reasonable.  Accordingly, Petitioner's objection is overruled.

Petitioner objects to the magistrate judge's conclusion that Petitioner's constitutional rights were not violated when the trial court judge denied his for-cause challenge to a juror.  Petitioner appears to argue that his attorney made the decision not to exercise a peremptory challenge for the juror, and that Petitioner should not be held responsible for such decision.  However, "it is a well-accepted principle that, except in a few carefully defined circumstances, a criminal defendant is bound by his attorney's tactical decisions unless the attorney provided constitutionally ineffective assistance."  *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 86, 129 S. Ct. 2308, 2330 (2009).  Accordingly, this objection is overruled.[2]

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted.  A certificate should issue if a petitioner has demonstrated "a substantial showing of a denial of a constitutional right."  *Id*.  The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595

---

[2] To the extent that Petitioner has raised other objections that are not detailed in this Order, the Court overrules those objections.

(2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability.

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation (dkt. #53) is **ADOPTED** as the Opinion of the Court, and Petitioner's Amended Petition (dkt. # 22) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Objection to the R & R (dkt. #54) is **OVERRULED**.

**This case is concluded.**

**A separate judgment will issue.**

Dated: June 26, 2015                             /s/ Gordon J. Quist
                                                GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE